



**MEMO ENDORSED**

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JED M. WEISS**
*Assistant Corporation Counsel*
jweiss@law.nyc.gov
(212) 788-0786
(212) 788-9776 (fax)

December 8, 2005

**BY HAND**
Honorable James C. Francis, IV
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/05

    Re:    Alpert v. City of New York, et al.
              05-CV-9740

              Alosio v. City of New York, et al. ✓
              05-CV-9737

              Rigger v. City of New York, et al.
              05-CV-9882

              Dolak v. City of New York, et al.
              05-CV-9884

              Kahl v. City of New York, et al.
              05-CV-9885

Dear Judge Francis:

       I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for Defendant City of New York. I write with respect to the referenced matters, in which plaintiffs set forth claims, *inter alia*, of false arrest and false imprisonment during the Republican National Convention. While the docket sheet indicates that the cases are currently unassigned, the cases were recently referred to Judge Karas as possibly related to the RNC cases, and the parties expect that the cases will join the consolidated discovery schedules used in the RNC cases.

Hon. James C. Francis, IV
December 8, 2005
Page 2

With this letter, the Defendants respectfully request that their time to respond to the complaints be extended to and including February 10, 2006.[1] This request is made with the consent of plaintiff's counsel.

In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this additional time is needed to investigate the allegations of the complaints. It is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office forwarded to plaintiffs' counsel for execution by plaintiffs a consent and authorization for the release of sealed records so that defendant can access the information, properly assess the case, and respond to the complaints.

No previous request for an extension has been made by defendant. Accordingly, it is respectfully requested that defendant's time to answer or otherwise respond to the complaints be extended to and including February 10, 2006.

Thank you.

Respectfully submitted,

Jed M. Weiss (JW 5293)
Assistant Corporation Counsel

cc: Norman F. Best, Esq., Attorney for Plaintiffs (via e-mail)

*Application granted. 12/8/05*
*SO ORDERED.*
*James C. Francis IV*
*USMJ*

---

[1] In addition, plaintiff names individual Police Officers as a defendants in these matters. Without appearing or making any representations on their behalf, in the event that the officers were properly served, this office respectfully requests that the same extension be granted to them so that their defenses are not jeopardized while representation issues are being decided.