UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PETER ALOISIO, MAUREEN DENNEHY,
MATTHEW MALEK, HEATHER McHALE, and
CYNTHIA RIGGIN-NOEL,

                          Plaintiffs,

        -against-

The CITY OF NEW YORK, DENISE ROSE-
HINKSMAN, JIMMY CHUNG, JAMES
CONNOLLY, CAPTAIN CROSSAN, and DOES,

                         Defendants
------------------------------------------------------------------X

**ANSWER OF DEFENDANT OFFICERS**

05 CV 9737 (KMK)

       Defendants Denise Rose-Hinksman, Jimmy Chung, James Connolly, and Captain William Crossan, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to the Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

## JURISDICTION

       2.     Deny the allegations contained in paragraph 2 of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court.

       3.     Deny the allegations set forth in paragraph 3 of the Complaint, except admit that plaintiffs purport to invoke the supplemental jurisdiction of this Court.

## JURY TRIAL DEMANDED

4. No response is required to plaintiffs' jury demand as set forth in paragraph 4 of the Complaint.

## VENUE

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that plaintiffs purport to lay venue in this District.

## NOTICE OF CLAIM

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, except admit that on or about November 24, 2004 (for plaintiffs Aloisio, McHale, and Riggin-Noel) and November 29, 2004 (for plaintiff Malek), documents purporting to be Notices of Claim were received by the Comptroller's Office, and that those claims have not been settled.

## PARTIES

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, except admit that on August 31, 2004,

defendants Rose-Hinksman, Connolly, Chung and Crossan were employed by the City of New York as police officers.

## STATEMENT OF RELEVANT FACTS

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Deny the allegations set forth in paragraph 11 of the Complaint, except admit that on August 31, 2004, the Republican National Convention was in progress in New York City.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, except deny that defendant Capt. William Crossan requested plaintiffs to move up against the wall on 34th Street toward 5th Avenue.

13. Deny the allegations set forth in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint, except admit that at some point in time on August 31, 2004, plaintiffs were arrested and charged with disorderly conduct.

15. Deny the allegations set forth in paragraph 15 of the Complaint, except admit that after their arrests, plaintiffs were transported to Pier 57 and, later, to Central Booking.

16. Deny the allegations set forth in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

18. Repeat and reallege their responses to paragraphs 1-17 of the Complaint as if fully set forth herein.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

21. Repeat and reallege their responses to paragraphs 1-20 of the Complaint as if fully set forth herein.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

## THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

24. Repeat and reallege their responses to paragraphs 1-23 of the Complaint as if fully set forth herein.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

## FOURTH CLAIM

## ASSAULT AND BATTERY

27.     Repeat and reallege their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

28.     Deny the allegations set forth in paragraph 28 of the Complaint.

29.     Deny the allegations set forth in paragraph 29 of the Complaint.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

30.     Repeat and reallege their responses to paragraphs 1-29 of the Complaint as if fully set forth herein.

31.     Deny the allegations set forth in paragraph 31 of the Complaint.

32.     Deny the allegations set forth in paragraph 32 of the Complaint.

## SIXTH CLAIM

## NEGLIGENCE

33.     Repeat and reallege their responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

34.     Deny the allegations set forth in paragraph 34 of the Complaint.

35.     Deny the allegations set forth in paragraph 35 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36.     The Complaint fails in whole or in part to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37. There was probable cause for each of plaintiffs' arrest, detention, and/or prosecution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38. Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiffs and/or third parties, and were not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40. The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41. The amount of punitive damages against non-City defendants, if available, is limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42.    Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43.    At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

44.    To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

45.    Plaintiffs' claims are barred, in whole or in part, by their contributory or comparative negligence and assumption of risk.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

46.    Plaintiffs' claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

WHEREFORE, answering defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 28, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-132
New York, New York 10007
(212) 788-1817

By: _____/S/_____
Fred M. Weiler (FW 5864)
Assistant Corporation Counsel

TO:

Norman Frederick Best, Esq.
Law Office of Susan Douglas Taylor
575 Madison Avenue
New York, New York 10022

Michael L. Spiegel, Esq.
111 Broadway, Suite 1305
New York, New York 10006

*Attorney for Plaintiffs*